UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON L. STRIBLING,<br><br>    Petitioner,<br><br>    v.<br><br>RANDY GROUNDS, Warden,<br><br>    Respondent. | No. 2:12-cv-3084-MCE-KJN P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner at Salinas Valley State Prison, proceeding in forma pauperis and without counsel, in this habeas corpus action filed on December 26, 2012, pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction and sentence. This matter is before the court on respondent's motion to dismiss, on the ground that the petition was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner filed an opposition; respondent filed a reply. For the reasons set forth below, the undersigned recommends that respondent's motion to dismiss be granted.

II. Chronology

    The relevant chronology in this case is as follows:

    1. In November 2007, a Sacramento County jury convicted petitioner of second degree robbery, and found that petitioner used a firearm during the commission of the robbery.

1

Petitioner was sentenced to state prison for a total of 12 years -- two years for the robbery, plus a consecutive term of 10 years for the gun enhancement.

    2.  On August 4, 2009, petitioner appealed his Superior Court conviction and sentence to the California Court of Appeal, Third Appellate District.  (Resp. Lodged Docs. 1-3.)

    3.  On July 26, 2010, the California Court of Appeal affirmed the judgment.  (Resp. Lodged Doc. 4.)  The Court of Appeal rejected petitioner's claim that the trial court abused its discretion when, after petitioner's conviction, the court denied petitioner's request to disclose personal identifying information about the jurors, for the purpose of investigating potential juror misconduct.

    4.  On September 1, 2010, petitioner filed a petition for review in the California Supreme Court.  (Resp. Lodged Doc. 5.)

    5.  On September 29, 2010, the California Supreme Court summarily denied review.  (Resp. Lodged Doc. 6.)

    Thereafter, petitioner filed six post-conviction collateral challenges, in two separate "rounds."

    6.  On May 17, 2011, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.  (Resp. Lodged Doc. 7.)

    7.  On June 22, 2011, that petition was denied. (Resp. Lodged Doc. 8.)

    8.  On July 11, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  (Resp. Lodged Doc. 9.)

    9.  On July 14, 2011, that petition was denied.  (Resp. Lodged Doc. 10.)

    10.  On August 1, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Resp. Lodged Doc. 11.)

    11.  On December 21, 2011, that petition was denied.  (Resp. Lodged Doc. 12.)

    12.  On December 22, 2011, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.  (Resp. Lodged Doc. 13.)

    13.  On February 14, 2012, that petition was denied.  (Resp. Lodged Doc. 14.)

    14.  On March 8, 2012, petitioner filed a petition for writ of habeas corpus in the

California Court of Appeal, Third Appellate District.  (Resp. Lodged Doc. 15.)

15. On March 15, 2012, that petition was denied.  (Resp. Lodged Doc. 16.)

16. On April 19, 2012, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Resp. Lodged Doc. 17.)

17. On June 27, 2012, that petition was denied.  (Resp. Lodged Doc. 18.)

18. On December 26, 2012, petitioner filed the instant federal petition for writ of habeas. (ECF No. 1.)

III.  Legal Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

This limitations period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Therefore, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law."  Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Carey v. Saffold, 536 U.S. 214, 220 (2002).  However, "[o]nly the time period during which a [properly filed] round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."  Banjo, 614 F.3d at 968 (citation omitted).

In addition, the limitations period may be equitably tolled if a petitioner establishes that he diligently pursued his rights but some extraordinary circumstance stood in his way.  Raspberry v.

3

Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

IV. Analysis

Following the California Supreme Court's denial of direct review on September 29, 2010, petitioner had ninety days (or until December 28, 2010) to file a petition for writ of certiorari in the United States Supreme Court. See Rule 13, Supreme Court Rules. Because petitioner did not file a petition for writ of certiorari, the one-year limitations period, set forth in 28 U.S.C. § 2244(d)(1)(A), commenced to run the day after expiration of the ninety-day period, or on December 29, 2010. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a).)

On May 17, 2011, 139 days after the December 29, 2010 commencement of the limitations period, petitioner filed his first state habeas petition, and hence commenced his first "round" of petitions "up the ladder" of the state court system, Banjo, supra, 614 F.3d at 968. The first petition, filed in the Sacramento County Superior Court, was limited to petitioner's claim that the trial court erred in admitting into evidence a material witness's identification of petitioner in a "show-up" that was allegedly unduly suggestive. In a written decision filed June 22, 2011, the Superior Court denied the petition on the merits. (Resp. Lodged Doc. 8.)

This petition went "up the state court ladder," pursuant to the Court of Appeal's decision denying the petition on July 14, 2011 (Resp. Lodged Doc. 10), through the California Supreme Court's denial on December 21, 2011 (Resp. Lodged Doc. 12). Respondent does not contest that statutory tolling applies for this entire period. Therefore, as of December 21, 2011, the limitations period had been tolled for 219 days,[1] and only 139 days of the one-year limitations

---

[1] As of December 21, 2011, the limitations period had been statutorily tolled for a total of 219 days: 37 days during the pendency of the first petition; 19-day interval; 3 days during pendency

4

period had expired. Petitioner had 226 days remaining to commence a federal action.

The following day, on December 22, 2011, petitioner filed in the Sacramento County Superior Court the first of his second "round" of petitions. Petitioner claimed that the trial court erred at the preliminary hearing in finding sufficient evidence to bind him over for trial. Petitioner asserted that he had not been positively identified by the victim at the preliminary hearing, and that no forensic evidence linked him to the crimes. (Resp. Lodged Doc. 13.)

In a written decision filed February 14, 2012, the Sacramento County Superior Court denied the petition as "successive and untimely," citing In re Robbins (1998) 18 Cal. 4th 770, and In re Clark (1993) 5 Cal. 4th 750, and found that petitioner had failed to establish any exception to this procedural bar.[2] (Resp. Lodged Doc. 14.) The Superior Court noted, moreover, that petitioner had made "no claim . . . regarding the sufficiency of the evidence at the trial itself," and failed to raise this claim before trial in a motion to dismiss pursuant to California Penal Code section 995, thus waiving review of the claim. The Superior Court explained (id. at 2):

> [P]etitioner failed to raise this claim in the trial court before trial in a Penal Code § 995 motion to dismiss. This waives the claim for any type of review: Penal Code § 996, by its own terms, precludes a defendant from objecting on Penal Code § 995 grounds if the defendant fails to move to set aside the holdover order in a Penal

---

of second petition; 18-day interval; 142 days during the pendency of the third petition.

[2] "A federal court sitting in habeas ordinarily cannot hear a petitioner's procedurally defaulted federal claims absent a showing of cause and prejudice, or a showing that failing to review the claim will result in a fundamental "'miscarriage of justice.'" Detrich v. Ryan, 2013 WL 4712729, *3 (9th Cir. 2013) (quoting Wainwright v. Sykes, 433 U.S. 72, 88 (1977); also citing Coleman v. Thompson, 501 U.S. 722, 750 (1991) (unless a prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," federal habeas review of the procedurally defaulted claims is barred).
"[A] 'fundamental miscarriage of justice' will have occurred in any proceeding in which it can be demonstrated: (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; (3) that the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error or omission no reasonable judge or jury would have imposed a sentence of death; (4) that the petitioner was convicted or sentenced under an invalid statute. These claims will be considered on their merits even though presented for the first time in a successive petition or one in which the delay has not been justified." In re Clark, supra, 5 Cal. 4th at 798 (fns. and citations omitted).

5

> Code § 995 motion; Penal Code § 999a provides that a defendant may seek a writ of prohibition on such grounds only within a designated time period from the denial of a Penal Code § 995 motion; the issue is waived on appeal if it was not raised in a Penal Code § 995 motion (People v. Harris (1934) 219 Cal. 727, 729-730); and, most importantly, the issue is barred from review on habeas corpus (In re Hannie (197) 3 Cal. 3d 520, 528).

The Superior Court also found that petitioner had failed to show any prejudice as a result of the trial court's decision binding plaintiff over for trial, because "the evidence presented at trial included the victim's identification of petitioner as the perpetrator at a show-up held shortly after the crime itself, and other circumstantial evidence was more than sufficient to establish his guilt." (Id.)

The assessment of the Superior Court that petitioner's claim was procedurally barred was upheld by the California Court of Appeal on March 15, 2012 (Resp. Lodged Doc. 16), and the California Supreme Court on June 27, 2012, the Supreme Court explaining: "The petition for writ of habeas corpus is denied. (See In re Clark (1993) 5 Cal. 4th 750, 76-69; In re Dixon (1953) 41 Cal. 2d 756, 759; In re Lindley (1947) 29 Cal. 2d 709, 723.)" (Resp. Lodged Doc. 18.)

Respondent now contends that, because petitioner's second "round" of petitions were procedurally barred, they did not toll the one-year federal limitations period, which expired before petitioner filed the instant action. This court agrees. A federal court may not review questions of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, supra, 501 U.S. at 729. "A summary denial citing Clark and Robbins means that the petition is rejected as untimely." Walker v. Martin, 131 S. Ct. 1120, 1122 (2011). The denial of habeas relief by the California Supreme Court on these grounds constitutes independent and adequate state procedural grounds warranting the summary denial of a subsequent federal habeas petition. Id. at 1127-28. Moreover, "both Lindley and Dixon are independent and adequate state grounds" precluding federal review. Milligan v. Ahlin, 2011 WL 5040716, * 9 (E.D.Cal. 2011) (citing Coleman v. Thompson, 501 U.S. at 750). Under Lindley, "[a] petitioner who fails to exhaust sufficiency of evidence claims in his direct appeal and raises them instead in a subsequent state habeas petition has procedurally defaulted those claims as a matter of California law."

1  Carter v. Giurbino, 385 F.3d 1194, 1197 (9th Cir. 2004); see also id. at 1198 (finding that "the
2  Lindley rule" is an adequate state ground to support a procedural default ruling).  Under Dixon,
3  California courts will not review the merits of a state habeas claim that could have been raised in
4  a timely appeal but was not.  Dixon, 41 Cal. 2d at 759; see also Rhodes v. Uribe, 2012 WL
5  928434, *4 (C.D. Cal. 2012); and Cantrell v. Evans, 2010 WL 1170063, at *13–14 (E.D. Cal.
6  2010) (both cases finding that "the Dixon rule" is an independent and adequate state procedural
7  ground precluding federal review).

        Pursuant to these authorities, each of the state court petitions filed in petitioner's second "round" were procedurally barred.  Therefore, none of these petitions tolled the one-year limitations period.  As a result, there was no further tolling after December 21, 2011, when 226 days remained to file the instant action, up to and including August 3, 2012.  However, petitioner filed the instant action more than four months later, on December 26, 2012.  Thus, the instant action is time-barred.

        Petitioner's arguments in opposition are unpersuasive.  Petitioner has demonstrated neither good cause nor due diligence excusing his delay in asserting the claim presented in his second round of petitions.  As noted by the Superior Court, the factual predicate for challenging his identification by a material witness was clearly established prior his conviction.  Moreover, absent a showing of cause and prejudice, or miscarriage of justice, this court may not review the merits of a state court finding that a petition is procedurally barred.  "[W]here a state court rejects a petition for failure to comply with conditions of filing, that is 'the end of the matter.'" Zepeda v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009).

        For these reasons, the undersigned finds that the instant petition is time-barred under AEDPA's one-year statute of limitations.

V.  Conclusion

        Accordingly, IT IS HEREBY RECOMMENDED that:

    1. Respondent's motion to dismiss (ECF No. 12), be granted; and

    2. This action be dismissed with prejudice.

////

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Dated:  October 29, 2013

/strib3084.mtd.hc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE