1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AARON L. STRIBLING,                      No.  2:12-cv-3084-MCE-KJN P

12                  Petitioner,

13           v.

14   RANDY GROUNDS, Warden,                   FINDINGS AND RECOMMENDATIONS

15                  Respondent.

16

17   I.  Introduction

18           Petitioner is a state prisoner at Salinas Valley State Prison, proceeding in forma pauperis

19   and without counsel, in this habeas corpus action filed on December 26, 2012, pursuant to 28

20   U.S.C. § 2254.  Petitioner challenges his 2007 conviction and sentence.  This matter is before the

21   court on respondent's motion to dismiss, on the ground that the petition was filed beyond the one-

22   year statute of limitations set forth in 28 U.S.C. § 2244(d).  Petitioner filed an opposition;

23   respondent filed a reply.  For the reasons set forth below, the undersigned recommends that

24   respondent's motion to dismiss be granted.

25   II.  Chronology

26           The relevant chronology in this case is as follows:

27           1.  In November 2007, a Sacramento County jury convicted petitioner of second degree

28   robbery, and found that petitioner used a firearm during the commission of the robbery.

1

Petitioner was sentenced to state prison for a total of 12 years -- two years for the robbery, plus a consecutive term of 10 years for the gun enhancement.

2. On August 4, 2009, petitioner appealed his Superior Court conviction and sentence to the California Court of Appeal, Third Appellate District. (Resp. Lodged Docs. 1-3.)

3. On July 26, 2010, the California Court of Appeal affirmed the judgment. (Resp. Lodged Doc. 4.) The Court of Appeal rejected petitioner's claim that the trial court abused its discretion when, after petitioner's conviction, the court denied petitioner's request to disclose personal identifying information about the jurors, for the purpose of investigating potential juror misconduct.

4. On September 1, 2010, petitioner filed a petition for review in the California Supreme Court. (Resp. Lodged Doc. 5.)

5. On September 29, 2010, the California Supreme Court summarily denied review. (Resp. Lodged Doc. 6.)

Thereafter, petitioner filed six post-conviction collateral challenges, in two separate "rounds."

6. On May 17, 2011, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (Resp. Lodged Doc. 7.)

7. On June 22, 2011, that petition was denied. (Resp. Lodged Doc. 8.)

8. On July 11, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (Resp. Lodged Doc. 9.)

9. On July 14, 2011, that petition was denied. (Resp. Lodged Doc. 10.)

10. On August 1, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Resp. Lodged Doc. 11.)

11. On December 21, 2011, that petition was denied. (Resp. Lodged Doc. 12.)

12. On December 22, 2011, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (Resp. Lodged Doc. 13.)

13. On February 14, 2012, that petition was denied. (Resp. Lodged Doc. 14.)

14. On March 8, 2012, petitioner filed a petition for writ of habeas corpus in the

2

1    California Court of Appeal, Third Appellate District.  (Resp. Lodged Doc. 15.)

2          15.  On March 15, 2012, that petition was denied.  (Resp. Lodged Doc. 16.)

3          16.  On April 19, 2012, petitioner filed a petition for writ of habeas corpus in the

4    California Supreme Court.  (Resp. Lodged Doc. 17.)

5          17.  On June 27, 2012, that petition was denied.  (Resp. Lodged Doc. 18.)

6          18.  On December 26, 2012, petitioner filed the instant federal petition for writ of habeas.

7    (ECF No. 1.)

8    III.  Legal Standards

9          The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides in pertinent part:

10           A 1-year period of limitation shall apply to an application for a writ
             of habeas corpus by a person in custody pursuant to the judgment of
11           a State court.  The limitation period shall run from the latest of –

12           (A) the date on which the judgment became final by the conclusion
             of direct review or the expiration of the time for seeking such
13           review . . . .

14    28 U.S.C. § 2244(d)(1)(A).

15           This limitations period is statutorily tolled during the pendency of "a properly filed

16    application for State post-conviction or other collateral review with respect to the pertinent

17    judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and thus

18    qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable

19    laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Therefore, "[t]he

20    period between a California lower court's denial of review and the filing of an original petition in

21    a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the

22    filing is timely under California law."  Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see

23    also Carey v. Saffold, 536 U.S. 214, 220 (2002).  However, "[o]nly the time period during which

24    a [properly filed] round of habeas review is pending tolls the statute of limitation; periods

25    between different rounds of collateral attack are not tolled."  Banjo, 614 F.3d at 968 (citation

26    omitted).

27           In addition, the limitations period may be equitably tolled if a petitioner establishes that he

28    diligently pursued his rights but some extraordinary circumstance stood in his way.  Raspberry v.

1   Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).  "The high threshold of extraordinary circumstances

2   is necessary lest the exceptions swallow the rule."  Lakey v. Hickman, 633 F.3d 782 (9th Cir.

3   2011) (citations and internal quotation marks omitted).

4   IV. Analysis

5          Following the California Supreme Court's denial of direct review on September 29, 2010,

6   petitioner had ninety days (or until December 28, 2010) to file a petition for writ of certiorari in

7   the United States Supreme Court.  See Rule 13, Supreme Court Rules.  Because petitioner did not

8   file a petition for writ of certiorari, the one-year limitations period, set forth in 28 U.S.C. §

9   2244(d)(1)(A), commenced to run the day after expiration of the ninety-day period, or on

10  December 29, 2010.  See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct

11  review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a

12  petition for a writ of certiorari from the United States Supreme Court, whether or not the

13  petitioner actually files such a petition.").  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.

14  2001) (citing Fed. R. Civ. P. 6(a).)

15         On May 17, 2011, 139 days after the December 29, 2010 commencement of the

16  limitations period, petitioner filed his first state habeas petition, and hence commenced his first

17  "round" of petitions "up the ladder" of the state court system, Banjo, supra, 614 F.3d at 968.  The

18  first petition, filed in the Sacramento County Superior Court, was limited to petitioner's claim

19  that the trial court erred in admitting into evidence a material witness's identification of petitioner

20  in a "show-up" that was allegedly unduly suggestive.  In a written decision filed June 22, 2011,

21  the Superior Court denied the petition on the merits.  (Resp. Lodged Doc. 8.)

22         This petition went "up the state court ladder," pursuant to the Court of Appeal's decision

23  denying the petition on July 14, 2011 (Resp. Lodged Doc. 10), through the California Supreme

24  Court's denial on December 21, 2011 (Resp. Lodged Doc. 12).  Respondent does not contest that

25  statutory tolling applies for this entire period.  Therefore, as of December 21, 2011, the

26  limitations period had been tolled for 219 days,[1] and only 139 days of the one-year limitations

27  _____

28  [1] As of December 21, 2011, the limitations period had been statutorily tolled for a total of 219
    days:  37 days during the pendency of the first petition; 19-day interval; 3 days during pendency

1   period had expired.  Petitioner had 226 days remaining to commence a federal action.

2          The following day, on December 22, 2011, petitioner filed in the Sacramento County

3   Superior Court the first of his second "round" of petitions.  Petitioner claimed that the trial court

4   erred at the preliminary hearing in finding sufficient evidence to bind him over for trial.

5   Petitioner asserted that he had not been positively identified by the victim at the preliminary

6   hearing, and that no forensic evidence linked him to the crimes.  (Resp. Lodged Doc. 13.)

7          In a written decision filed February 14, 2012, the Sacramento County Superior Court

8   denied the petition as "successive and untimely," citing In re Robbins (1998) 18 Cal. 4th 770,

9   and In re Clark (1993) 5 Cal. 4th 750, and found that petitioner had failed to establish any

10   exception to this procedural bar.[2]  (Resp. Lodged Doc. 14.)  The Superior Court noted, moreover,

11   that petitioner had made "no claim . . . regarding the sufficiency of the evidence at the trial itself,"

12   and failed to raise this claim before trial in a motion to dismiss pursuant to California Penal Code

13   section 995, thus waiving review of the claim.  The Superior Court explained (id. at 2):

14              [P]etitioner failed to raise this claim in the trial court before trial in
                a Penal Code § 995 motion to dismiss.  This waives the claim for
15              any type of review:  Penal Code § 996, by its own terms, precludes
                a defendant from objecting on Penal Code § 995 grounds if the
16              defendant fails to move to set aside the holdover order in a Penal

17   of second petition; 18-day interval; 142 days during the pendency of the third petition.

18   [2]  "A federal court sitting in habeas ordinarily cannot hear a petitioner's procedurally defaulted
19   federal claims absent a showing of cause and prejudice, or a showing that failing to review the
     claim will result in a fundamental "'miscarriage of justice.'"  Detrich v. Ryan, 2013 WL 4712729,
20   *3 (9th Cir. 2013) (quoting Wainwright v. Sykes, 433 U.S. 72, 88 (1977); also citing Coleman v.
     Thompson, 501 U.S. 722, 750 (1991) (unless a prisoner can "demonstrate cause for the default
21   and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure
     to consider the claims will result in a fundamental miscarriage of justice," federal habeas review
22   of the procedurally defaulted claims is barred).
23          "[A] 'fundamental miscarriage of justice' will have occurred in any proceeding in which it
     can be demonstrated:  (1) that error of constitutional magnitude led to a trial that was so
24   fundamentally unfair that absent the error no reasonable judge or jury would have convicted the
     petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner
25   was convicted; (3) that the death penalty was imposed by a sentencing authority which had such a
     grossly misleading profile of the petitioner before it that absent the trial error or omission no
26   reasonable judge or jury would have imposed a sentence of death; (4) that the petitioner was
     convicted or sentenced under an invalid statute. These claims will be considered on their merits
27   even though presented for the first time in a successive petition or one in which the delay has not
     been justified."  In re Clark, supra, 5 Cal. 4th at 798 (fns. and citations omitted).

28
                                                5

1    Code § 995 motion; Penal Code § 999a provides that a defendant
2    may seek a writ of prohibition on such grounds only within a
     designated time period from the denial of a Penal Code § 995
3    motion; the issue is waived on appeal if it was not raised in a Penal
     Code § 995 motion (People v. Harris (1934) 219 Cal. 727, 729-
     730); and, most importantly, the issue is barred from review on
4    habeas corpus (In re Hannie (197) 3 Cal. 3d 520, 528).

5    The Superior Court also found that petitioner had failed to show any prejudice as a result of the

6    trial court's decision binding plaintiff over for trial, because "the evidence presented at trial

7    included the victim's identification of petitioner as the perpetrator at a show-up held shortly after

8    the crime itself, and other circumstantial evidence was more than sufficient to establish his guilt."

9    (Id.)

10        The assessment of the Superior Court that petitioner's claim was procedurally barred was

11   upheld by the California Court of Appeal on March 15, 2012 (Resp. Lodged Doc. 16), and the

12   California Supreme Court on June 27, 2012, the Supreme Court explaining: "The petition for

13   writ of habeas corpus is denied.  (See In re Clark (1993) 5 Cal. 4th 750, 76-69; In re Dixon (1953)

14   41 Cal. 2d 756, 759; In re Lindley (1947) 29 Cal. 2d 709, 723.)"  (Resp. Lodged Doc. 18.)

15        Respondent now contends that, because petitioner's second "round" of petitions were

16   procedurally barred, they did not toll the one-year federal limitations period, which expired before

17   petitioner filed the instant action.  This court agrees.  A federal court may not review questions of

18   federal law decided by a state court "if the decision of that court rests on a state law ground that is

19   independent of the federal question and adequate to support the judgment."  Coleman v.

20   Thompson, supra, 501 U.S. at 729.  "A summary denial citing Clark and Robbins means that the

21   petition is rejected as untimely."  Walker v. Martin, 131 S. Ct. 1120, 1122 (2011).  The denial of

22   habeas relief by the California Supreme Court on these grounds constitutes independent and

23   adequate state procedural grounds warranting the summary denial of a subsequent federal habeas

24   petition.  Id. at 1127-28.  Moreover, "both Lindley and Dixon are independent and adequate state

25   grounds" precluding federal review.  Milligan v. Ahlin, 2011 WL 5040716, * 9 (E.D.Cal. 2011)

26   (citing Coleman v. Thompson, 501 U.S. at 750).  Under Lindley, "[a] petitioner who fails to

27   exhaust sufficiency of evidence claims in his direct appeal and raises them instead in a subsequent

28   state habeas petition has procedurally defaulted those claims as a matter of California law."

6

1   Carter v. Giurbino, 385 F.3d 1194, 1197 (9th Cir. 2004); see also id. at 1198 (finding that "the

2   Lindley rule" is an adequate state ground to support a procedural default ruling).  Under Dixon,

3   California courts will not review the merits of a state habeas claim that could have been raised in

4   a timely appeal but was not.  Dixon, 41 Cal. 2d at 759; see also Rhodes v. Uribe, 2012 WL

5   928434, *4 (C.D. Cal. 2012); and Cantrell v. Evans,  2010 WL 1170063, at *13–14 (E.D. Cal.

6   2010) (both cases finding that "the Dixon rule" is an independent and adequate state procedural

7   ground precluding federal review).

8          Pursuant to these authorities, each of the state court petitions filed in petitioner's second

9   "round" were procedurally barred.  Therefore, none of these petitions tolled the one-year

10  limitations period.  As a result, there was no further tolling after December 21, 2011, when 226

11  days remained to file the instant action, up to and including August 3, 2012.  However, petitioner

12  filed the instant action more than four months later, on December 26, 2012.  Thus, the instant

13  action is time-barred.

14         Petitioner's arguments in opposition are unpersuasive.  Petitioner has demonstrated

15  neither good cause nor due diligence excusing his delay in asserting the claim presented in his

16  second round of petitions.  As noted by the Superior Court, the factual predicate for challenging

17  his identification by a material witness was clearly established prior his conviction.  Moreover,

18  absent a showing of cause and prejudice, or miscarriage of justice, this court may not review the

19  merits of a state court finding that a petition is procedurally barred.  "[W]here a state court rejects

20  a petition for failure to comply with conditions of filing, that is 'the end of the matter.'"  Zepeda

21  v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009).

22         For these reasons, the undersigned finds that the instant petition is time-barred under

23  AEDPA's one-year statute of limitations.

24  V.  Conclusion

25         Accordingly, IT IS HEREBY RECOMMENDED that:

26         1.  Respondent's motion to dismiss (ECF No. 12), be granted; and

27         2.  This action be dismissed with prejudice.

28  ////

1   These findings and recommendations are submitted to the United States District Judge

2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3 after being served with these findings and recommendations, petitioner any party may file written

4 objections with the court and serve a copy on all parties.  Such a document should be captioned

5 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6 objections shall be filed and served within fourteen days after service of the objections.  The

7 parties are advised that failure to file objections within the specified time may waive the right to

8 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9   Should petitioner file objections, he may address whether a certificate of appealability

10 should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11,

11 Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of

12 appealability when it enters a final order adverse to the applicant).  A certificate of appealability

13 may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the

14 denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

15 Dated:  October 29, 2013

16

17 /strib3084.mtd.hc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28